24-2913
*Amara v. Cigna Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand twenty-six.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> *Circuit Judges.*

_____

JANICE C. AMARA, GISELA R. BRODERICK, ANNETTE S. GLANZ, Individually and on behalf of others similarly situated,

   *Plaintiffs-Appellants,*

  v.            24-2913

CIGNA CORP., CIGNA PENSION PLAN,

   *Defendants-Appellees.*

_____

For Plaintiffs-Appellants:   CHRISTOPHER J. WRIGHT, HWG LLP, Washington, DC.

            Stephen R. Bruce, Stephen R. Bruce Law Office, Washington, DC.

For Defendants-Appellees:                    A. KLAIR FITZPATRICK (Jeremy P. Blumenfeld, *on the brief*), Morgan, Lewis & Bockius LLP, Philadelphia, PA.

Stephanie R. Reiss, Morgan, Lewis & Bockius LLP, Pittsburgh, PA.

Michael E. Kenneally, Morgan, Lewis & Bockius LLP, Washington, DC.

Appeal from the orders of the United States District Court for the District of Connecticut (Nagala, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Plaintiffs-Appellants Janice C. Amara, Gisela R. Broderick, and Annette S. Glanz ("Plaintiffs") appeal on behalf of a class from the orders of the United States District Court for the District of Connecticut (Nagala, *J.*) denying a motion for accounting or post-judgment discovery in this Employee Retirement Income Security Act ("ERISA") case and denying reconsideration. On appeal, Plaintiffs allege a series of errors by the district court in its denial opinions. The disputes turn primarily on the interpretation of earlier district court orders issued in this case by Judge Arterton. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal. *See generally Amara v. Cigna Corp.*, 53 F.4th 241 (2d Cir. 2022).

\*     \*     \*

"We review the district court's fashioning of equitable remedies under ERISA for abuse of discretion . . . but review the district court's findings of fact only for clear error." *Id.* at 256 (citation modified). We review legal conclusions *de novo*, and "[a] district court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100

2

(1996) (citation omitted). In this case, Judge Nagala's legal conclusions include her interpretations of Judge Arterton's orders, which we review *de novo*. *United States v. Spallone*, 399 F.3d 415, 423 (2d Cir. 2005) (noting that we review a judge's interpretation of his own order for abuse of discretion but his interpretation of another judge's order *de novo*).

In both their briefing and oral argument, Plaintiffs claim that the district court required a showing of actual noncompliance as a prerequisite for Plaintiffs to prevail on their motion. We disagree. Instead of requiring actual noncompliance, the district court stated that "the question for the Court is whether, as applied here, Plaintiffs have raised 'significant questions regarding noncompliance with a court order' sufficient to justify the remedy sought." *Amara v. Cigna Corp.*, No. 1-cv-02361, 2024 WL 1985904, at *3 (D. Conn. May 6, 2024) (quoting *Floyd v. City of New York*, No. 8-cv-1034, 2020 WL 3819566, at *4 (S.D.N.Y. July 8, 2020)).

In its careful and thorough opinions, the district court concluded that Plaintiffs did not meet their burden under this standard. For substantially the reasons in the district court's opinions, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3